UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X

VINCENT PARISE and DEBRA PARISE, his
spouse,

     Plaintiffs,    **REPORT and**
               **RECOMMENDATION**

 -against-

              03-CV-1673 (DLI) (KAM)
NEW YORK CITY DEPARTMENT OF SANITATION,

     Defendant.

--------------------------------------- X
MATSUMOTO, United States Magistrate Judge:

   By order entered on April 6, 2006, United States

District Judge Dora L. Irizarry referred this matter, pursuant to

28 U.S.C. § 636(b), to the undersigned for a Report and

Recommendation on defendant's motion, pursuant to Rules 12(b)(6)

and 56(b) of the Federal Rules of Civil Procedure.  Defendant

requests that plaintiffs' Complaint be dismissed for failure to

state a claim on the ground that plaintiffs have failed to file a

legally sufficient notice of claim, as required by New York

General Municipal Law ("GML") § 50-e, or alternatively, that

based on the record of undisputed material facts, defendant is

entitled to judgment as a matter of law.  (See Doc. No. 16,

Notice of Motion.)  Plaintiffs have filed a cross motion

requesting to amend their notice of claim.

   By order dated July 11, 2006, this Court advised the

parties that defendant's motion would be treated as one for

summary judgment, and directed plaintiffs to file a responsive Local Civil Rule 56.1 statement, given their previous failure to do so.  (See Doc. No. 25.)  To date, plaintiffs have not filed a responsive Rule 56.1 statement, despite receiving notice, an order, and an opportunity to do so.  During the oral argument on the parties' motions, held before the undersigned on July 24, 2006 (KAM FTR 2:30 p.m. to 3:30 p.m.), plaintiffs' counsel conceded that there are no disputed issues of material fact.

For the reasons set forth below, it is respectfully recommended that defendant's motion be granted, plaintiffs' cross motion be denied, and plaintiffs' Complaint be dismissed in its entirety.

## I.  BACKGROUND

The pleadings, affidavits and declarations, defendant's Local Civil Rule 56.1 statement, and the exhibits accompanying the parties' submissions regarding defendant's motion establish the following undisputed material facts.

This negligence action by plaintiffs seeks damages for personal injury claims arising out of a fall by plaintiff Vincent Parise that occurred on or about July 16, 2002, while he was employed by the New York City Department of Sanitation ("defendant") as a supervisor at the Fresh Kills landfill located in Staten Island, New York.  (See Doc. No. 16, Ex. A, Notice of

Claim filed on Sept. 30, 2002; Ex. B, Transcript of Hearing
Pursuant to GML § 50-h, Examination of Vincent Parise on Dec. 3,
2002 ("Parise 50-h Tr.") at 4-6.)  Mr. Parise's statutory notice
of claim filed pursuant to GML § 50-e, on September 30, 2002,
described the "nature of the claim" as a "[p]ersonal injury
resulting from a fall."  The notice of claim did not identify the
manner in which plaintiff allegedly fell, nor describe the nature
of any alleged defective, abnormal or dangerous condition on
defendant's premises.  (See Notice of Claim.)  In describing the
"time when, the place where and the manner in which the claim
arose," Mr. Parise only stated that "[o]n July 16, 2002 at
approximately 8:40 A.M. the incident occurred at plant 1 in the
Fresh Kills landfill, Staten Island, New York on the ramp leading
to the super boom."  (Id.)

On December 3, 2002, approximately four months after
the date of the accident and two months following the filing of
the notice of claim, Mr. Parise testified at a hearing conducted
pursuant to GML § 50-h and presented a photograph purportedly of
the site of the accident, which he had taken four to five months
following the accident.  At that hearing Mr. Parise testified
that his fall was allegedly caused by moisture on the gangplank
on which he was walking.  He testified in relevant part as
follows:

> Q:  Did you see what you slipped on?
> A:  Yes, after I fell.

```
Q:   What was it?
A:   That gangplank.
Q:   Was there any substance on the gangplank?
A:   It was moist, I guess from morning dew.
```

(Parise 50-h Tr. at 10-11.)  Mr. Parise's 50-h hearing testimony

regarding the site of the accident, and the photograph taken

thereof, did not mention or depict "green algae," a "moss" type

substance or the purported lack of handrails on the gangplank or

ramp leading thereto.[1]

On April 7, 2003, plaintiffs commenced this personal

injury action against the defendant.  Plaintiffs' Complaint

alleges, in relevant part, that defendant was negligent in

"failing to provide handrails on the ramp leading to the platform

of the super boom, skid proof paint in the area where the

plaintiff fell and/or block sand paper on the surface where

plaintiff fell; and in failing to warn the plaintiff of the

dangerous and hazardous condition."  (Doc. No. 1, Complaint ¶ 8.)

_____

[1] Likewise, Mr. Parise's Department of Sanitation Line-of-
Duty Injury Report, filed with his employer on July 16, 2002
immediately following the accident, and completed by Mr. Parise
and an "investigating supervisor," Andrew Santasine, also did not
mention any unsafe, defective or dangerous conditions on the
gangplank or ramp leading thereto.  (See Doc. No. 16, Ex. E,
Line-of-Duty Report dated July 16, 2006.)  Instead, in the
section of that report intended to be completed by investigating
supervisor, Mr. Santasine responded to the question "If the
incident resulted from unsafe condition, what corrective action
was taken?" by indicating, "No [sic] unsafe."  (Id.)  The Report
also contains a section intended to be completed by the injured
employee which asks whether the "injury could have been
prevented[.]"  The response to that section is:  "[c]ouldn't be
prevented[.]"  (Id.)

In its answer, defendant alleges as an affirmative defense that plaintiffs failed to comply with the requirements of GML § 50-e. (See Doc. No. 16, Ex. D, Answer ¶ 28.)

During the course of discovery, defendant's employee, Andrew Santasine, who was responsible for oversight at the Fresh Kills landfill on the date of plaintiff's alleged injury, testified at his deposition on September 17, 2003, over 14 months after the July 16, 2002 accident. At his deposition, Mr. Santasine indicated that he personally inspected the site of plaintiff's injury approximately forty-five minutes after the accident occurred and completed an accident report. (Doc. No. 17, Ex. C, Deposition of Andrew T. Santasine taken on Sept. 17, 2003 ("Santasine Dep.") at 9-12, 22; see also Doc. No. 17, Memorandum in Opposition to Defendant City of New York's Motion to Dismiss and in Support of Cross Motion to Amend ("Pls. MOL") at 1.) Mr. Santasine testified that the metal gangplank ramp on which Mr. Parise fell had a wood portion which "had like a slithery green substance on it[,]" which he also described as "algae." (Santasine Dep. at 12.) Mr. Santasine also testified that there were no handrails on the gangplank ramp and that the

algae would have to be removed.[2] (Santasine Dep. at 13-14.) Mr. Santasine did not explain why the accident report did not mention algae, moss or the allegedly missing handrails, and why instead it stated there was "no unsafe" condition. (See id. at 22; Line-of-Duty Report dated July 16, 2006.) Mr. Santasine testified that if he had seen anything "[o]ut of the ordinary" he would have noted it in the accident report. (Santasine Dep. 22-23.)

At his deposition on September 17, 2003, Mr. Parise testified that immediately after his fall he noticed "green algae" or "moss" on the wooden portion of the metal gangplank ramp on which he fell. (Doc. No. 16, Ex. F, Deposition of Vincent Parise taken on Sept. 17, 2003 ("Parise Dep."), at 32.) When shown the photographs originally presented at the 50-h hearing, taken by Mr. Parise of the site four to five months following the date of the accident, Mr. Parise testified that the photographs accurately depicted the site of the accident on the day on which it occurred, except for the algae he observed on the

---

[2] There appears to be some ambiguity as to whether the algae had been removed or would have to be removed from the metal ramp leading to the gangplank. Plaintiffs' Memorandum of Law indicates that "algae *had to be* scraped off from that location" ((Pls. MOL at 5) (citing Santasine Dep. at 14) (emphasis added).) By contrast, the relevant portion of Mr. Santasine's deposition, which is notably difficult to follow, states that "[w]e have to scrape it off[,]" thus suggesting that the algae had not been removed as of the date of Mr. Santasine's deposition. Plaintiffs' assertion that the algae was removed supports defendant's contention that it was prejudiced by plaintiffs' failure to file a sufficient notice of claim, as discussed in detail below.

gangplank after he fell, which was not depicted in the
photographs. (<u>Id.</u> at 55-58.)

Plaintiffs contend in the Joint Pretrial Order, dated
March 18, 2005, that "Mr. Parise slipped and fell on a slippery
algae, moss type substance that was on the metal plate ramp
extending from the gangplank where Mr. Parise was walking."
(Doc. No. 16, Ex. G, Joint Civil Pretrial Order ("JPTO"), at 2.)
Plaintiffs also claim that as a result of defendant's alleged
negligence in failing to provide the ramp with a slip-resistant
surface and handrails, and failing generally to maintain the ramp
in a safe condition, Mr. Parise sustained cervical disc
herniations and a torn rotator cuff.

## II.  DISCUSSION

### A.  Applicable Rule

As a preliminary matter, the Court notes that although
defendant framed its instant motions as a motion to dismiss for
failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6),
and as a motion for summary judgment pursuant to Fed. R. Civ. P.
56(b), defendant's motion will be considered under Rule 56
because both parties have submitted evidence beyond the
pleadings.  Rule 12(b) states in relevant part:

> [i]f, on a motion asserting the defense numbered (6) to
> dismiss for failure of the pleading to state a claim
> upon which relief can be granted, matters outside the
> pleading are presented to and not excluded by the

court, the motion shall be treated as one for summary
judgment and disposed of as provided in Rule 56, and
all parties shall be given reasonable opportunity to
present all material made pertinent to such a motion by
Rule 56.

Plaintiffs are on notice that defendant's motion seeks

summary judgment. In addition to defendant's Notice of Motion

(Doc. No. 16), which presents the instant motions as a motion for

dismissal for failure to state a claim, pursuant to Rule

12(b)(6), and a motion for summary judgment, pursuant to Rule

56(b), the Court, mindful of plaintiffs' failure to submit a

responsive statement of material facts pursuant to Local Civil

Rule 56.1, directed plaintiffs to do so, on or before July 18,

2006. (<u>See</u> Doc. No. 25, Order dated July 11, 2006.) Because

plaintiffs have not filed a responsive Rule 56.1 statement of

disputed material facts, and because at oral argument on the

parties' motions, held on July 24, 2006, plaintiffs' counsel

conceded that there are no disputed issues of material fact, all

facts contained in the defendant's Rule 56.1 statement are deemed

to be undisputed. <u>See</u> Local Rule 56.1(b) and (d); <u>see also</u>

<u>Millus v. D'Angelo</u>, 224 F.3d 137, 138 (2d Cir. 2000) (affirming

grant of summary judgment based on plaintiff's failure to submit

a statement pursuant to Rule 56.1, controverting defendants'

assertions of fact).

The Court also notes that the present case is ripe for

summary judgment adjudication because discovery is closed, there

are no disputed material facts in the record and because
plaintiffs have not asserted that further discovery is required
pursuant to Rule 56(f).  See Bray v. City of New York, No. 04
Civ. 8255, 2005 WL 2429504, at *4 (S.D.N.Y. Sept. 30, 2005)
(noting that defendants' motion for summary judgment was ripe
because both parties had "full opportunity to conduct
discovery").  For the foregoing reasons, defendant's instant
motion is considered under Fed. R. Civ. P. 56.


**B.    Summary Judgment Standard**

        Summary judgment is appropriate where "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322
(1986).  Given the lack of disputed material facts in the record,
the Court considers whether defendant is entitled to judgment as
a matter of law.


**C.    Governing Law and Notice of Claim Requirement**

        In this diversity case, the New York substantive law of
negligence governs.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64,
78 (1938); Velez v. Sebco Laundry Sys., Inc., No. 00 Civ. 5027,

2001 WL 43609, at *2 (S.D.N.Y. Jan. 18, 2001) (New York state law applied to diversity negligence action in federal court sitting in New York for damages arising from tort which occurred in New York); see also Bauer v. Kinsman Lines, Inc., 84 Civ. 413, 1987 WL 16779, at *3 (W.D.N.Y. Sept. 11, 1987) (noting that because substantive tort law of New York, the forum state, governed the action, the requirements of the GML controlled for purposes of plaintiff's claim against the municipal corporation); Horn v. Greenwood Rehab. Ctr., Inc., 84 Civ. 312, 1984 WL 531, at *2 (S.D.N.Y. June 28, 1984) (noting that the requirements of GML § 50-e are "part of the substantive tort law of New York").

Before commencing any action for damages, *inter alia*, for personal injuries against a public corporation such as defendant, New York law requires an individual to serve a notice of claim within ninety days of the date when the claim accrues. See N.Y. Gen. Mun. Law § 50-e(1)(a); see also Brown v. Metropolitan Transp. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989). General Municipal Law § 50-e (2), entitled "Form of notice; contents," requires that a notice of claim include:

> (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable . . . .

"The purpose of the notice of claim requirement is to afford the municipality an adequate opportunity to investigate the claim in

-10-

a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." Fincher v. County of Westchester, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997)(citing Brown v. New York City Transit Auth., 568 N.Y.S.2d 54, 55 (1st Dep't 1991)); Davidson v. Bronx Mun. Hosp., 64 N.Y.2d 59, 62 (1984).

To determine whether a notice of claim is sufficient, the proper inquiry is "whether it includes information sufficient to enable the city to investigate the claim . . . ." O'Brien v. City of Syracuse, 445 N.Y.S.2d 687 (1981) (citations omitted). More specifically, the inquiry focuses on "whether based on the claimant's description[,] municipal authorities can locate the place, fix the time[,] and understand the nature of the accident." Brown v. City of New York, 95 N.Y.2d 389, 393 (2000) (citations omitted). The circumstances of each case determine whether the notice served is sufficient. Levine v. City of New York, 490 N.Y.S.2d 533, 535 (2d Dep't 1985) (citation omitted). Greater particularity is necessary when the alleged negligence is transitory in nature. Id. (where plaintiff alleged defect on sidewalk, inter alia, caused by ice).

In addition, New York courts have held that where a notice of claim "fails to identify causation," plaintiff's complaint should be dismissed. Carter v. City of New York, 772 N.Y.S.2d 567 (2d Dep't 2004) (citing LaBorde v. Most Serv.

Co., 705 N.Y.S.2d 608 (2d Dep't 2000) (dismissal of complaint on summary judgment affirmed where notice of claim failed to comply with GML § 50-e insofar as it merely alleged that "claimant sustained extensive and severe injuries resulting from the negligence of [defendant] . . . in the ownership, operation, management, maintenance, custody, supervision and control of their . . . omnibuses," but failed to include the manner in which the claim arose)); Caselli v. City of New York, 483 N.Y.S.2d 401, 404 (2d Dep't 1984).

Here, Mr. Parise's notice of claim is facially deficient because it fails to include the "nature of the claim[,] . . . the manner in which the claim arose[,]" GML § 50-e (2), and fails to identify an alleged defect on defendant's premises with sufficient particularity to enable defendant to "understand the nature of the accident." See Brown, 95 N.Y.2d at 393. Mr. Parise's notice of claim merely states that he fell at the Fresh Kills landfill on July 16, 2002 "on the ramp leading to the super boom." (Notice of Claim at 1.) The notice of claim does not indicate the cause of Mr. Parise's fall or even whether defendant was negligent in causing plaintiff to fall, and thus also fails to set forth a theory of liability or identify causation.

Plaintiffs assert, however, that even if Mr. Parise's notice of claim failed to adequately describe the manner of the accident with the required specificity, such deficiency in the

notice should be disregarded because the defendant acquired

actual knowledge of the incident.[3]  Specifically, plaintiffs

contend that defendant acquired actual knowledge of plaintiffs'

theory of liability and of the manner in which plaintiffs' claim

arose (i) through defendant's employee responsible for oversight

at the Fresh Kills landfill on the date of the accident, (ii) Mr.

Parise's GML § 50-h hearing testimony and photographs provided to

defendant thereat, and (iii) plaintiffs' Complaint.  (<u>See</u> Pls.

MOL at 1, 4-6, 8.)  Accordingly, plaintiffs have cross moved to

amend the notice of claim, although plaintiffs contend that such

a motion "may be a mere formality."  (Pls. MOL at 10.)

        To this end, GML § 50-e(6) provides that any "mistake,

---

[3]  Plaintiffs assert that it is "highly unusual that
defendant . . . argues the notice of claim was improper when it
expressly stipulated in the Joint Pretrial Order that [the notice
of claim] was duly and properly served."  ((Pls. MOL at 9)
(citing Joint Pretrial Order).)  The Court finds nothing
"unusual" about defendant's stipulation in the Joint Pretrial
Order that the notice of claim was properly served.  Nor does the
Court find that defendant waived any defect in Mr. Parise's
notice of claim.  First, the parties' Joint Pretrial Order
refutes plaintiffs' suggestion that any defect in the notice of
claim was waived, in stating that, "[d]efendant contends that it
had no notice of the conditions complained of [by plaintiffs]."
(Joint Pretrial Order at 4.)  This statement preserved any
objection as to the sufficiency of the notice received by
defendant of plaintiffs' claims.  Second, to the extent the Joint
Pretrial Order stipulates that the notice of claim was duly and
properly served, the Court notes GML § 50-e prescribes the
requirements for the filing or delivery of the notice of claim,
in addition to the sufficiency of the notice.  <u>See, e.g.</u>, GML §
50-e(3)(a) ("The notice shall be served on the public corporation
against which the claim is made by delivering a copy thereof
personally, or by registered or certified mail, to the person
designated by law").

omission, irregularity or defect" in the notice of claim may be
"corrected, supplied or disregarded" in the court's discretion,
provided that the other party will not be prejudiced by the
correction.  Nevertheless, it is questionable whether this Court,
sitting in diversity, has jurisdiction to consider plaintiffs'
cross motion to amend the notice of claim.  At least one court
has determined that federal courts lack jurisdiction to amend the
claim because:

> [a]ll applications under section 50-e (including those
> to correct a defect or extend the time to file a claim)
> must be made "to the supreme court or to the county
> court: (a) in a county where the action may properly be
> brought for trial, (b) if an action to enforce the
> claim has been commenced, in the county where the
> action is pending, or (c) in the event that there is no
> motion term available in any of the counties specified
> in clause (a) or (b) hereof, in any adjoining county."

Shabazz v. Dolan, No. 95 Civ. 2116, 1995 WL 476698, at *1-2
(S.D.N.Y. Aug. 10, 1995) (quoting GML § 50-e(7)); see also Jewell
v. City of New York, No. 94 Civ. 5454, 1995 WL 86432, at *2
(S.D.N.Y. Mar. 1, 1995) (denying motion to amend notice of claim
on grounds that "a federal court is without jurisdiction to
entertain such an application"); Gibson v. Commissioner of Mental
Health, No. 04 Civ. 4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8,
2006) ("federal courts do not have jurisdiction to hear
complaints from plaintiffs who have failed to comply with the
notice of claim requirement, or to grant permission to file a
late notice") (citation omitted); but see Hill v. City of New

-14-

York, 03-CV-1283, 2005 WL 3591719, at *11 (E.D.N.Y. Dec. 30, 2005) (Ross, J.) (court "disregarded" defect in notice of claim where plaintiff failed to specify location of the accident, but otherwise satisfied GML § 50-e, and where plaintiff's failure to specify location was not in bad faith and did not prejudice defendant).

Without ruling on this jurisdictional issue, which does not appear to have yet been addressed by the Second Circuit, and assuming, *arguendo*, that the District Court has jurisdiction to grant plaintiffs' cross motion to amend the notice of claim, it should not do so based on the merits. See Corcoran v. New York Power Auth., 202 F.3d 530, 540 (2d Cir. 1999) (Second Circuit expressly did not decide whether a federal court has jurisdiction to entertain a motion to file a late notice of claim because the district court concluded that even if it had jurisdiction, it would have denied that request on its merits). As stated above, any "mistake, omission, irregularity or defect" in the notice of claim may be "corrected, supplied or disregarded" in the court's discretion, provided that two conditions are met. First, the "mistake, omission, irregularity or defect" in the notice of claim must be made in good faith, and second, it must appear that the public corporation was not prejudiced thereby. See D'Alessandro v. New York City Transit Auth., 83 N.Y.2d 891, 893 (1994).

Here, defendant asserts that "plaintiffs' failure to
timely cure the significant defects in the notice of claim and
the evolving version of the manner in which Mr. Parise's accident
occurred can only be construed as bad faith." (Doc. No. 18,
Reply Declaration of Regina Bushkanets, Esq. dated July 27, 2005
("Reply Decl.") at 6, ¶ 10.) While the Court finds it curious
that Mr. Parise's recollection of the events concerning his fall,
specifically concerning the presence of morning dew or algae,
seemed to have formulated over time, rather than have faded, the
Court does not find that plaintiffs have acted in bad faith.
Accordingly, the Court's determination turns on whether the
defendant is prejudiced by the defect in the notice of claim.

Plaintiffs contend that there is no prejudice because
defendant acquired actual knowledge of the details of plaintiffs'
claim within a reasonable time after it arose. As noted above,
plaintiffs contend that defendant acquired such knowledge by:
(1) the fact that Mr. Santasine, defendant's employee responsible
for oversight at the Fresh Kills landfill on the date of the
accident, "investigated" the site of the accident approximately
45 minutes thereafter and completed an accident report; (2) Mr.
Parise's 50-h hearing testimony; and (3) the allegations
contained in plaintiffs' Complaint. (See Pls. MOL at 1, 4-6, 8.)

Plaintiffs' position regarding Mr. Santasine's
examination of the accident site and report thereof is not

supported by the record. The report completed by Mr. Santasine notes that Mr. Parise's fall did not result from any unsafe condition. (See Line-of-Duty Report dated July 16, 2006.) In the section of that report intended to be completed by "investigating supervisor," the response to the question "If the incident resulted from unsafe condition, what corrective action was taken?" states, "No [sic] unsafe." (Id.) If anything, this report refutes plaintiffs' contention that defendant received actual notice of the circumstances giving rise to Mr. Parise's injury.

In any event, decisions concluding that a municipal defendant would not be prejudiced by allowing a defective notice of claim to be amended generally require more than the mere existence of an accident report to impute actual knowledge and negate a claim of prejudice. See Caselli v. City of New York, 483 N.Y.S.2d 401, 407 (2d Dep't 1984) ("There is no requirement that a public corporation investigate its own departments, agencies, offices and employees for the purpose of eliciting information obtained in the regular course of business regarding the incident which is the basis of the claim."). Thus, the report by Mr. Santasine cannot provide a sufficient basis for imputing knowledge of the nature or manner of the accident to defendant. Accordingly, because courts generally require more than the filing of an accident report to impute actual knowledge

of an accident on a municipal corporation, and because Mr.

Santasine's report indicates that the accident site was not

unsafe, the Court concludes that defendant did not receive actual

notice of the circumstances giving rise to Mr. Parise's accident.

With respect to Mr. Parise's 50-h hearing, in certain

circumstances, a deficiency in a notice of claim can be cured

when the appropriate facts are brought out at a 50-h hearing.

See Mayer, 437 N.Y.S.2d 94 at 94-95. Here, the record reflects

that defendant first became aware of an allegedly slippery

condition on the gangplank at the 50-h hearing on December 3,

2002, six months after the date of the accident. Although Mr.

Parise's testimony at the 50-h hearing indicated that he observed

that the gangplank was "moist" from "morning dew," Mr. Parise's

testimony did not alert defendant to plaintiffs' claim that Mr.

Parise fell as a result of the alleged presence of algae or a

moss type substance on the gangplank or ramp leading thereto, or

the lack of handrails, as currently alleged by plaintiffs.

With respect to plaintiffs' contention that their

Complaint gave actual notice to the defendant of their claims,

this argument is also not persuasive. While allegations in a

complaint ordinarily serve to give a defendant adequate notice of

a plaintiff's claims and the grounds upon which those claims

rest, see Phelps v. Kapnolas, 308 F.3d 180, 186-87 (2d Cir.

2002), GML § 50-e clearly provides a means by which municipal

corporations are required to be notified of pending tort claims against them prior to the commencement of a lawsuit. To hold that plaintiffs' Complaint suffices to notify defendant of their claims would frustrate the unequivocal language and clear purpose of GML § 50-e.

Defendant has established prejudice emanating from the plaintiffs' failure to serve an adequate notice of claim. Defendant alleges that it would have (1) retained an expert, *inter alia*, to examine, photograph and analyze the alleged accumulation of algae or moss on the gangplank ramp, (2) sought to locate a witness who would have a recollection as to the condition of the gangplank at the time of the accident, and (3) documented the actual condition of the gangplank, specifically with reference to the allegedly missing handrails. (Reply Aff. ¶ 8.).

In view of the transitory nature of the alleged moisture from morning dew and algae formation, and given Mr. Parise's facially deficient notice of claim, which fails entirely to indicate the manner in which Mr. Parise was injured, the Court finds that defendant lacked notice, actual or otherwise, of the nature and manner of plaintiffs' claim and has been thwarted in its efforts to defend against this action, and thereby prejudiced. Notably, plaintiffs do not dispute that defendant first learned of the alleged algae formation on the gangplank

ramp at Mr. Parise's deposition on September 17, 2003, over 14 months after the date of the accident. Accordingly, it is respectfully recommended that defendant's motion be granted, plaintiffs' cross motion be denied and plaintiffs' Complaint be dismissed.[4]

---

[4] Because Mrs. Parise's claim is derivative of her husband's claim, it is respectfully recommended that the Complaint be dismissed in its entirety.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that defendant's motion for summary judgment be granted, plaintiffs' cross motion be denied, and plaintiffs' Complaint be dismissed in its entirety.  Any objections to this Report and Recommendation must be filed with United States District Judge Dora L. Irizarry within ten days of the date of its entry.  Failure to object within ten days of the date of entry will preclude appellate review by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Small v. Secretary of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989).  Any requests for extensions of time to file objections should be made to Judge Irizarry.

**SO ORDERED.**
Dated: August 10, 2006
      Brooklyn, New York

                           /s/
                    **Kiyo A. Matsumoto**
                    United States Magistrate Judge
                    Eastern District of New York