```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
VINCENT PARISE and DEBRA PARISE,   :
his spouse,                        :
                Plaintiffs,        :           **OPINION AND ORDER ADOPTING**
                                   :           **REPORT AND RECOMMENDATION**
                                   :           **03-CV-1673 (DLI)(KAM)**
        -against-                  :
                                   :
NEW YORK CITY DEPARTMENT OF        :
SANITATION,                        :
                Defendant.         :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Vincent Parise ("Parise") brings this negligence action, in diversity, against the New York City Department of Sanitation ("Sanitation") seeking damages for personal injuries allegedly sustained from a workplace accident on July 16, 2002. In the same action, Parise's wife, Debra Parise, brings a derivative claim for loss of services. On June 21, 2005, Sanitation moved to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) and 56(a), on the ground that Plaintiffs failed to file a legally sufficient notice of claim, as required by New York General Municipal Law ("GML") §50-e. Plaintiff cross-moved for leave to amend the notice of claim.

By order dated April 6, 2006, this court referred the motion to U.S. Magistrate Judge ("MJ") Kiyo A. Matsumoto for preparation of a Report and Recommendation ("R&R"). Because both parties submitted evidence beyond the pleadings and there were allegedly disputed issues of material fact, the magistrate judge considered Sanitation's motion as one for summary judgment pursuant to Fed R. Civ. P. 56(b) and 12(b) and requested that both parties file a Local Civil Rule 56.1 statement.

Plaintiffs apparently failed to do so.[1] R&R 2. At the oral arguments held before the magistrate judge on July 24, 2006, Plaintiffs' counsel conceded that there are no disputed issues of material fact.[2] Judge Matsumoto issued a R&R on August 10, 2006, recommending that this court grant Sanitation's motion and deny Plaintiffs' cross-motion for leave to amend the notice of claim. With respect to the cross-motion, the R&R questioned whether this court had jurisdiction to allow for the notice of claim to be amended, but because the R&R held that the notice of claim was deficient and that Sanitation was prejudiced by the deficiency, the R&R rejected the cross-motion on its merits. Plaintiffs filed timely objections to the R&R. Sanitation neither filed any objections nor a response to Plaintiffs' objections.

The court adopts the magistrate judge's R&R in its entirety for the reasons set forth below.

## Discussion

When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

The GML requires that, as a condition precedent to the commencement of an action against

---

[1] Familiarity with the facts as set forth in the R&R is assumed. Only those facts necessary for purposes of this order shall be repeated herein.

[2] In their objections, Plaintiffs' counsel does not dispute that the concession was made. However, without citing any case law, he contends that "the district court is not bound by any concessions made before the Magistrate." Objections 27, fn 4. The court finds it strains credulity to believe that counsel can disclaim a concession simply because the concession was made in front of a different judge. Nevertheless, the court has reviewed the record *de novo* and determined that there are no genuine issues of material fact.

a municipality or any of its employees, a notice of claim be filed with the municipality within ninety days after the claim arises. *See* N.Y. Gen. Mun. L. §50-e(1)(a) (McKinney's 2006). The statute specifies that "the notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained." N.Y. Gen. Mun. L. §50-e(2) (2006). Notice of claim requirements are "construed strictly by New York state courts." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999). The notice of claim requirements of the GML are jurisdictional, and the failure to comply ordinarily requires dismissal. *Mroz v. City of Tonawanda,* 999 F. Supp. 436, 454 (W.D.N.Y. 1998); *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 484 (1984).[3] Courts reviewing the sufficiency of a notice of claim are instructed that they should "focus on the purpose served by a notice of claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident." *Brown v. City of New York,* 95 N.Y.2d 389, 392 (2000). Furthermore, the purpose of the statute is "to afford the municipality an adequate opportunity to investigate the claim in a timely and efficient manner and, where appropriate, to settle claims without the expense and risks of litigation." *Hardy,* 164 F.3d at 794.

Where a notice of claim has been served but is deficient because it does not comport with the requirements of GML §50-e(2), the statute allows for corrective action to be taken by the plaintiff. The GML states "at any stage of an action or special proceeding . . . a mistake, omission,

---

[3] Federal district courts must follow New York intermediate appellate courts' interpretation of state law, unless it appears that the New York Court of Appeals would decide the case otherwise. *See Pahuta v. Massey-Ferguson, Inc.,* 170 F.3d 125, 134 (2d Cir. 1999).

irregularity or defect made in good faith in the notice of claim required to be served by this section . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. *See* N.Y. Gen. Mun. L. § 50-e(6) (McKinney's 2006).[4] The court need not determine any of the factual issues surrounding Plaintiff's injury, including causation and/or liability, at this time. Rather, since the parties agree that the GML §50-e notice of claim was deficient, the issue is whether the deficiency was made in good faith and, if so, whether Sanitation was prejudiced.

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The court must view all facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) . "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48. In order to prove that a genuine issue of material fact exists, a non-moving party "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997). If the

---

[4]The court notes that any such application to amend or correct a notice of claim must be made in state court pursuant to N. Y. Gen. Mun. Law § 50-e(7). The question that the magistrate judge declined to address and that this court also declines to address at this time is whether a federal district court has jurisdiction to address such a motion.

initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) (internal quotations and citations omitted) (alteration in original). Even where there appears to be a genuine issue of material fact, the Supreme Court has instructed that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 127 S.Ct. 1769, 1776 (2007).

Judge Matsumoto, while noting it is "curious" that Plaintiff recollection of the events seem to have "formulated over time rather than faded," found that the deficiencies in the notice of claim were not the result of bad faith, a finding the court adopts. (R&R at 16). However, Judge Matsumoto also found that Sanitation was prejudiced by the notice of claim's failure to state a cause for the accident, and granted summary judgment to Sanitation. Plaintiffs object to Judge Matsumoto's finding and assert that there is no prejudice because (1) Sanitation had located all the witnesses it needed to assess the condition of the ramp as it was on the day of the accident; (2) even in the absence of a witness, the condition of the ramp was well documented by other means; (3) Sanitation was not prejudiced by its inability to retain an expert to examine the ramp; (4) the 50-h hearing cured any deficiency in the notice of claim; (5) Sanitation acquired actual knowledge of Plaintiffs' claims through Andrew T. Santasine's ("Santasine") accident report; (6) Sanitation acquired actual knowledge of Plaintiffs' claims through Santasine's and Parise's depositions; and (7) Sanitation was made aware of the cause of the accident though the complaint.

Upon a *de novo* review of those portions to which Plaintiffs object, the court adopts the R&R

in its entirety, and finds that there are no genuine issues of material fact regarding whether Sanitation was prejudiced by the Plaintiffs' failure to assert that moss or algae, lack of handrails, skidproof paint and/or block sand paper on the ramp caused the accident. Moreover, as Judge Matsumoto found, and for the reasons set forth below, Sanitation was prejudiced in several ways due to the deficiencies in the notice of claim. Accordingly, summary judgment in defendant's favor is appropriate.

Defendant's ability to locate witnesses

Plaintiffs allege that Sanitation was not prejudiced by the deficient notice of claim because, even with the notice of claim's omission of the cause of the accident, it had located witnesses that could have testified regarding the true condition of the ramp on the day of the accident. It is true that within ninety days of the accident the Sanitation had at least one witness who knew of the exact condition of the ramp on the day of the accident. (R&R 4, n1). However, the purpose of GML §50-e is not simply to allow a defendant to locate witnesses, but rather to allow it to investigate the claim "timely and efficiently." *See Heiman v. City of New York*, 85 A.D.2d 25 (2nd Dept 1982). The difference is significant because the fact that the defendant knows of the existence of witnesses does little to facilitate the timely and efficient investigation of the claim.[5] Rather, the claim can be investigated only if the defendant knows *what questions to ask of the witnesses* and can make an informed determination as to whether to hire experts or conduct a forensic examination of the scene. For this, a defendant must rely upon the information provided by the notice of claim, specifically the alleged cause of the accident and the location of the accident. Thus, courts have found that where

---

[5] GML 50-e does not require a claimant to identify witnesses to the incident, only "the time when, the place where and the manner in which the claim arose." N.Y. Gen. Mun. L. § 50-e(2) (2006).

a "notice was utterly silent regarding causation, i.e. the nature of the defect which alleged caused plaintiff to fall . . . that fact alone made it impossible for the city to conduct its investigation." *Caselli v. City of New York*, 105 A.D.2d 251 (2nd Dept 1984); *Levine v. City of New York*, 111 A.D.2d 785 (2nd Dept 1985)("Nothing alleged in the notice of claim provided a reasonable basis upon which the city could have adequately investigated the matter, despite an undisputedly sufficient description as to where the accident occurred, since the city clearly had no idea what it would be looking for at the specified location.").

Here, nothing in the notice of claim provided a basis for Sanitation to investigate the claim, even though Sanitation knew of at least two witnesses. Moreover, there may have been another witness who observed the condition of the ramp on the day of the accident but who, with the passage of time, would not recall such a detail. After examining the notice of claim, Sanitation would not have known to ask the witnesses about the condition of the ramp on the day of accident since there is no indication from the notice of claim that the condition of the ramp had anything to do with Parise's injury. In the notice of claim, there is no mention of moss or algae, and no mention of the missing handrails. *See* Declaration of Robert H. Berry in Support of City's Motion to Dismiss ("Berry Decl."), Exhibit A. Thus, even if witnesses could be located, the dearth of information in the notice of claim prejudiced Sanitation. *See Levine,* 111 A.D.2d at 787.

<u>Documentation of the Condition of the Ramp</u>

Plaintiffs next allege that Sanitation was not prejudiced by the deficient notice of claim because the condition of the ramp was documented by other means, namely several photographs of the ramp taken a few months after the accident. The photographs were presented to Sanitation at the §50-h hearing conducted on December 3, 2002. *See* Transcript of Vincent Parise's December 3,

2002 Hearing Pursuant to GML §50-h ("Parise §50-h Tr."), 9-11; Memo in Opp, Exhibit A and Berry Decl., Exhibit B. The transcript belies this claim. The photographs do not show algae or moss, and Parise's testimony that the ramp was "moist, I guess from the morning dew" also omits any reference to moss or algae. Parise §50-h Tr. 11. Nothing in the photographs or the testimony at the GML §50-h hearing placed Sanitation on notice that Plaintiffs would claim that algae or moss on the ramp caused the accident.

Plaintiffs correctly assert that the photographs show the ramp lacked handrails. *See* "Objections to Magistrate's Report and Recommendation" ("Objections"), 8. Significantly, Plaintiff never testified that the lack of handrails caused or contributed to his accident. Plaintiff argues that "[t]he questions at the 50-h hearing, however, were never asked in a way to justify a response by Mr. Parise that identified the lack of handrails as a cause of the accident." *Id.* This contention is without merit. Nothing in the notice of claim indicated that the lack of handrails had anything to do with Plaintiff's injury. Thus, there was no reason for Sanitation to question him on this issue. It is also quite telling that Plaintiff's counsel did not ask any such questions. In a 50-h hearing, the burden is on plaintiff to provide information regarding "the manner in which the claim arose," not for the defendant to elicit such information. *See* N.Y. Gen. Mun. L. §50e(2) (McKinney 2006). Accordingly, the deficient notice of claim prejudiced Sanitation's ability to properly investigate the claim because the deficiency was not cured by other documentary evidence.

<u>Defendant's ability to find an expert</u>

Plaintiffs dispute Judge Matsumoto's finding that the deficient notice of claim prejudiced Sanitation by preventing it from retaining an expert to study the condition of the ramp on the day of the accident. Plaintiffs argue that "the transitory condition of the algae/moss would have made it

8

impossible for any expert witness to testify about the accumulation of algae/moss on the ramp as [sic] it existed when Mr. Parise fell." Objections 14.[6] However, whether the moss or algae condition was permanent or transitory is beside the point: Plaintiffs never identified moss or algae as a cause of the accident.

Cases cited by Plaintiffs and Sanitation that deal with the notice of claim requirements for slip and fall cases, such as *Hoffman v. NYCHA*, 187 A.D.2d 334 (1st Dept 1992) and *Williams v. City of New York*, 229 A.D.2d 114 *(*1st Dept 1997)*,* are inapposite. In those cases, the defendant was aware of the alleged cause of the accident (snow or ice), but was unable to conduct an investigation because plaintiff made some other error in the notice of claim. *See Hoffman*, 187 A.D.2d at 335 (the location of the accident was incorrect); *Williams,* 229 A.D.2d at 116 (typo in the address where the accident occurred); *Reyes v. New York City Housing Authority*, 221 A.D.2d 240 (1st Dept 1995) (incorrect address provided); *Strauss v. New York City Transit Authority*, 195 A.D.2d 322 (1st Dept 1993) (notice of claim sent late and to wrong defendant). In those cases, the fact that the condition that caused the accident was transitory was just another reason to reject the defendants' claim of

---

[6]There is nothing in the record to support this statement. In contrast, Plaintiffs' own "expert report" notes the impact of the transitory nature of the condition. The report states "[i]t is common knowledge that moist and wet conditions will promote the growth of moss and algae." Memo in Opposition Exhibit G. The ramp on which Parise slipped leads from a wooden dock to a metal gangplank. The gangplank acted as a bridge over a body of water which separated the dock from the superboom. Berry Decl., Exhibit F, 5-6. Thus, owing to the presence of water, the area was constantly moist and wet. Mr. Santasine's testimony on this point is also ambiguous. He stated that the moss accumulation "happened over a period of time" but that it "var[ies] with the weather." Memo in Opposition Exhibit C 16. Thus, there is no indication whether at the time of the accident the alleged moss or algae was actually present or was permanent or transitory. Greater particularity in a notice of claim is necessary especially where the condition is transitory because the municipality must be given a sufficient basis upon which to conduct the investigation while the facts or conditions surrounding the incident are still fresh. *Levine v. City of New York,* supra.

prejudice because, in theory, even if plaintiff provided the correct information within ninety days of the accident, the transitory conditions still would have changed, stifling the investigation. In this case, Sanitation was unaware of the need to even hire an expert to investigate the moss or algae because the notice of claim did not state that algae or moss was a cause of the accident. As such, this case is analogous to cases where a defective notice of claim misleads the defendant into conducting an irrelevant investigation. *See Konsker v. City of New York,* 172 A.D.2d 361 (1st Dept 1991) ("it is now well settled that where the municipality is misled by the erroneous notice to conduct an investigation at the wrong situs, this circumstance alone results in serious prejudice."). The same is true for the Plaintiffs' failure to state that the lack of handrails, skidproof paint and/or block sand paper was a cause of the accident. Although those conditions are not transitory, the fact that Sanitation did not know to retain an expert caused prejudice to defendant.

The 50-h hearing cured any deficiency in the notice of claim

Plaintiffs further contend that the testimony provided by Parise at the GML § 50-h hearing cured any deficiency in the notice of claim because it placed Sanitation on notice of the cause of the accident. The court agrees with Judge Matsumoto that, because there is no evidence that either the lack of handrails or the presence of algae or moss was discussed at the §50-h hearing, the hearing did not cure any deficiency in the notice of claim.

With respect to the alleged moss or algae on the ramp, the Plaintiffs claim Parise's testimony at the §50-h that he slipped on morning dew "put defendant on notice to conduct an investigation of the ramp's surface early on." Objections 21. The court disagrees. A reference to one possible cause of the accident does nothing to mitigate the prejudice caused by a plaintiff not stating what he later and for the first time claims to be the true cause of the accident. This case is distinguishable

10

from *Mayer v. Dupont Assoc., Inc.*, 80 A.D.2d 799 (1st Dept 1991) relied on by Plaintiffs. In *Mayer*, the notice of claim's failure to properly identify the specific location of the accident did not cause prejudice because pictures provided at the §50-h hearing specifically identified the location of the accident *and* a police officer's "aided card" listed the specific location of the accident. In contrast, the notice of claim in this case stated the location of the accident, but omitted the cause of the accident. Unlike the pictures and police report that served to clarify the location of the accident in *Mayer,* the testimony at the 50-h hearing in this case did nothing to illuminate the cause of the accident. In any event, the purpose of GML §50-e and §50-h is to "to permit a municipality to examine a potential claim to determine whether such claim should be settled or satisfied without subjecting the parties to costly litigation." *Mroz*, 99 F. Supp. 2d at 453. By changing theories of causation and providing incomplete information, Plaintiffs denied Sanitation the opportunity to investigate and discern potential liability and possibly settle the case. As such, Parise's testimony at the §50-h hearing did nothing to lessen the prejudice caused by the deficient notice of claim.

      <u>Sanitation acquired actual knowledge of Plaintiffs' claims through Santasine's accident report.</u>

Plaintiffs contend that Santasine's accident report, completed the day of the accident, gave Sanitation actual knowledge of the incident. Objections 15. The court concurs with Judge Matsumoto's thorough and cogent analysis and adopts her conclusion that the accident report did not alleviate the prejudice caused by the deficient notice of claim. R&R 17. First, the accident report states unequivocally that there was *no unsafe condition* on the day of the injury. Berry Decl., Exhibit E. Second, Parise does not provide a cause for his fall in the accident report, stating only that "while I was walking down the [sic] gang plank to check superboom I slipped and fell." *Id.*

11

Parise further stated that his injury "*couldn't be prevented.*" (emphasis added)  Finally, the knowledge of an agent "cannot be considered actual knowledge of the public corporation itself regarding the essential facts of the claim." *Casselli*, 105 A.D.2d at 255.  Therefore, the accident report does not cure the deficiency in the notice nor does it mitigate the prejudice the deficiency caused to Sanitation.

<u>Sanitation acquired actual knowledge of Plaintiffs' claims through the deposition testimony</u>.

Plaintiffs contend that any deficiency in the notice of claim was cured by the deposition testimony of Santasine and Parise.  Objection 15.  Fourteen months after the accident, at his September 17, 2003 deposition, Parise testified that the ramp had "green algae on it . . . moss." Berry Decl., Exhibit F, 32; Memo in Opposition, Exhibit D 32.  Santasine was deposed the same day. He testified that "the wood portion had like a slithery green substance on it . . . could call it like moss, like a moss type thing."  Memo in Opposition, Exhibit C 12.  Thus, fourteen months after the accident, Sanitation was made aware, for the first time, that algae or moss, along with the lack of handrails, skidproff paint and/or block sand paper, allegedly caused the accident.   The court finds this undue delay in amplifying the notice of claim too long.  The fourteen-month delay in revealing the alleged causes of the accident created substantial prejudice to Sanitation's ability to investigate the moss or algae condition.  *See Crocco v. Town Of New Scotland,* 307 A.D.2d 516 (3rd Dept 2003) (one-year delay in providing essential facts caused prejudice); *Chechelnitskaya v. City of New York*; 293 A.D.2d 700 (2nd Dept 2002)("the delay of 14 months on the part of the Plaintiffs . . . deprived the defendant of an opportunity to conduct a meaningful investigation."); *Jensen v. City of Saratoga*, 203 A.D.2d 836 (3rd Dept 1994) (thirteen-month delay in correcting notice of claim caused prejudice); *c.f. Shiffrin v. City of New York,* 96-CV-7112, 1998 WL 849407 (S.D.N.Y. Dec. 4, 1998)

(five-month delay did not cause prejudice); *Ingle v. New York City Transit Authority*, 7 A.D.3d 574 (2nd Dept 2004) (four-month delay did not cause prejudice).

<u>Sanitation was made aware of the claim through the complaint.</u>

Its well settled that a complaint is not a substitute for a GML §50-e notice of claim. *See Davis v. City of New York*, 250 A.D.2d 368 ("[i]t is of no help to Plaintiffs that a summons and complaint were timely served upon the Convention Center; it has previously been held that service of a summons and complaint within the limitations period does not excuse the failure to file a timely notice of claim, nor is it an acceptable substitute for a timely notice of claim."). Plaintiffs assert, however, that when a deficient notice of claim is served, the clarity of the complaint is one factor to consider when examining whether the Sanitation has been prejudiced. Objections 23. The complaint, like the notice of claim, Santasine's accident report, and Parise's 50-h testimony, does not mention moss or algae on the ramp as a cause of the accident. Berry Decl., Exhibit C. Therefore, it cannot serve to mitigate the prejudice caused by the notice of claim's failure to state this theory of causation.

The complaint does, however, claim that the lack of handrails, skidproof paint and/or block sand paper was a cause of the accident. *Id.* It is uncontested that the complaint was the *first* instance in which Plaintiffs identified the lack of lack of handrails, skidproof paint and/or block sand paper as a cause of the accident. The complaint was filed seven months after the accident. During that time, Sanitation had no opportunity to investigate this as a potential cause of the injury. Sanitation did not know nor could it know of the need to investigate the ramp and review the condition of the ramp immediately after the accident; *Walston v. City of New York*, 229 A.D.2d 485 (2nd Dept 1996) (defendant was prejudiced because the physical nature of the location had been altered by the time

the Plaintiffs moved to amend the notice of claim). Thus, the court finds that Sanitation was prejudiced by the deficient notice of claim, even if the complaint stated some, but not all, causes of the injury.

As Judge Matsumoto correctly points out, there is an open question as to whether a federal district court, as opposed to a state supreme court or a county court, has jurisdiction to permit the amendment of a notice of claim. *See Corcoran v. New York Power Authority*, 202 F.3d 530, 540 (2d Cir. 1999). However, the court need not decide whether to allow Plaintiffs to amend their notice of claim, or whether a federal district court has that power, since there are no genuine issues of material fact as to whether Sanitation was prejudiced by the deficient notice of claim. As discussed above, the court finds that Sanitation has suffered prejudice and allowing the notice of claim to be amended at this time is not proper.

**Conclusion**

Upon a *de novo* review of those portions of the R&R to which Plaintiffs object, the court adopts Judge Matsumoto's R&R in its entirety. Accordingly, Defendant's motion for summary judgment is granted and Plaintiffs' cross-motion for leave to amend the notice of claim is denied. The case is dismissed without costs to either party.

SO ORDERED.

DATED:  Brooklyn, New York
    September 19, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge